

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Mr. Shook:

Opinion No. 0-7451

Re: Whether or not an employee of
the Tax Assessor-Collector of Bexar
County during his vacation period,
and during the full term of such
period he was actually employed by
the city of San Antonio may legal-
ly be paid for such period by the
county, under H. B. No. 7X, ch. 58,
49th Leg.

We have your letter asking us for the construction of
Article 2372g, Vernon's codification of the Civil Statutes, with
respect to the above-captioned subject-matter, as follows:

"One of the employees employed by P. E. Dickison,
Tax Assessor-Collector of Bexar County, Texas, resign-
ed his position on the 1st day of September, 1946, to
take effect on the 15th of September, 1946. He had
been employed continuously by the Assessor-Collector
of Texas for several years, and during the last twelve
months had not received his vacation.

"He, however, went to work with the City of San
Antonio, on the first day of September, and was em-
ployed during the period from September 1st through
September 15th.

"QUESTION: Can this employee be paid for the
period from September 1st to Sep-
tember 15th by the Assessor-Col-
lector of Bexar County, Texas?

"By way of brief, you are referred to Article
2372g of the Revised Civil Statutes of the State of
Texas, and your attention is directed particularly

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to Section 3 thereof.  Your attention is also directed to Article 16, Section 40, of the Constitution.

"So far as we have been able to find, the question of whether or not a party may be paid for vacation time by the County while working for another political subdivision has not been passed on since Article 2372g was passed by the legislature."

You call our attention to Article 2372g, Vernon's Codification of the Civil Statutes, being H. B. No. 77, ch. 58, of the Acts of the 49th legislature at its Regular Session.

Section 3 of that Article is as follows:

"The Commissioners Courts may grant vacations to employees in the actual employ of such counties not exceeding fourteen (14) days in any calendar year and, when such vacations are granted, all employees in actual employment of such counties shall be compensated for such vacation time as if actual service were being rendered under their employment. It being the purpose of this Act to grant reasonable vacation time during each calendar year for employees in the counties embraced within this Act."

Bexar County falls within the class of counties thus embraced.

You also cite Section 40 of Article XVI of the State Constitution.  That Section insofar as pertinent is as follows:

"No person shall hold or exercise, at the same time, more than one civil office of emolument,***."

We assume from your citing Section 40 it was your thought that the question of dual office-holding by the employee is presented.

You do not state the character of service performed by this employee for the city of San Antonio, but merely say he, however, "went to work with the city of San Antonio on the 1st day of September and was employed during the period from September 1st through September 15th."  We are not advised whether his service was that of an officer or a mere employee during that period. We assume, however, that he was an employee and not an officer of

the city of San Antonio. Moreover, you do not show that the employee involved was other than an employee by Mr. Dickison, the Tax Assessor-Collector of Bexar County, and we therefore assume that he was not an officer of the county but was a mere employee.

Upon these assumptions -- that is, that the employee involved -- was an employee, as contradistinguished from an officer, in both services, no question of dual office-holding is involved, and Section 40 of Article XVI of the Constitution has no bearing upon the problem presented.

In some cases it is true, as where the dual service by an employee of one municipality performing at the same time of his service a service for another municipality, might be of such incompatibility as that one or even both municipalities might refuse to pay him compensation for such period, but that principle of public policy could hardly apply to the situation stated by you, for indisputably the employee did not owe to Bexar County the duty of any service whatsoever during the statutory vacation allowed to him on full pay, and therefore his actual performance of service for another municipal employer could not be incompatible with any duty he owed to the county.

We know of no reason why, under the facts stated by you, Bexar County may not be liable and should not pay to the employee his stipulated salary for and through the vacation period allowed him. Under the statutory scheme of allowance of reasonable vacation days to employees, he was entitled to this concession, but was not compelled to devote such time to rest and leisure, either at home, in the hunting fields, or on the river banks. His time for such period was his very own, and if for any reason he saw fit to turn it to compensatory activities, his was the choice, and he harms neither the State, the county nor any individual. As the proverb has it, "Nobody seems one penny the worse"!

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
ASSISTANT

OCT 24, 1946

ATTORNEY GENERAL OF TEXAS

OS-MR


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN